UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD BRANTLEY,<br><br>    Plaintiff,<br><br>v.<br><br>BORG-WARNER MORSE TEC, INC., et al.,<br><br>    Defendants. | Case No. 12CV540-GPC(JMA)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING AN EXTENSION OF TIME TO COMPLETE DISCOVERY PURSUANT TO F.R.C.P. 6(b)**<br>**[Doc. No. 162]** |

Presently before the Court is a an ex parte application by Plaintiff Lisa Grande for an order granting an extension of time to complete discovery. [Doc. No. 162.] The application is opposed by Defendants The Pep Boys Manny Moe & Jack of California [Doc. No. 168], Ford Motor Company [Doc. No. 170], and The Crane Co. [Doc. No. 171]. As set forth in further detail below, the Court DENIES Plaintiff's ex parte application.

**I.    Background**

This action was initiated by Gerald Brantley, who passed away in February 2013. [Doc. No. 119.] Thereafter, Ms. Grande, his daughter and successor-in-interest, was substituted as the Plaintiff is this action. [Doc. No. 134.] Due to Mr. Brantley's failing health, discovery commenced in this action in mid-2012, prior the issuance of a scheduling order by the Court.

Plaintiff's initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) were served on July 6, 2012. *Decl. of Luis A. Barba ("Barba Decl.")*, ¶ 12 [Doc. No. 168-1]. Thereafter, Mr. Brantley submitted to a 10 day long deposition from October 22 to November 7, 2012, which took place in the home of Ms. Grande, who was present for nearly the whole time. *Id.* ¶ 5.

On January 8, 2013, the parties lodged their Joint Discovery Plan, pursuant to Fed. R. Civ. P. 26(f), proposing, in pertinent part, the deadline for completion of all fact discovery be set for May 31, 2013. The Court conducted a Case Management Conference the following week, on January 15, 2013, to discuss the scheduling and case management issues raised in the parties' Joint Discovery Plan and on the same day, after conferring with counsel, issued a scheduling order requiring all fact discovery be completed by the date proposed by counsel. [Doc. No. 114 & 115.] Shortly thereafter, on or about February 8, 2013, Mr. Brantley passed away. [Doc. No. 119.]

On April 23, 2013, the Hon. Gonzalo P. Curiel permitted Ms. Grande to substitute in as Plaintiff. [Doc. No. 134.] The following week, Plaintiff filed a motion requesting the Court continue the May 31, 2013 deadline for completion of fact discovery, as well as the deadlines for the exchange of supplemental expert designations and expert disclosures, by approximately three months. [Doc. No. 138.] Plaintiff stated the continuance was needed because Mr. Brantley had recently passed away and activity in the case was essentially stayed due to difficulties in communicating with Ms. Grande and Plaintiff's counsel's efforts to substitute her into the case. *Id.* Plaintiff's motion was granted and the Court reset the deadline for completion of fact discovery on August 30, 2013, the date requested by Plaintiff, and also reset the other discovery deadlines as requested by Plaintiff. [Doc. No. 142.]

2

Thereafter, on August 2, 2013, the Court conducted a Case Management Conference to discuss, among other matters, the status of discovery. [Doc. No. 158.] Plaintiff's counsel provided no indication that Plaintiff would be unable to complete fact discovery by the August 30, 2013 deadline.

## II. Discussion

Plaintiff now requests an additional seventy days in which to complete fact discovery and, "[i]n order to prevent any inconvenience to all parties involved in preparing their expert reports," Plaintiff also requests a similar continuance of the deadline for Initial Expert Disclosures, Rebuttal Expert Disclosures and the deadline for completion of expert discovery. [Doc. No. 162, p. 2.][1] Plaintiff's ex parte application requests the extension of time pursuant to Fed. R. Civ. P. Rule 6(b)(1); however, the relief sought, an extension of the deadlines to complete fact and expert discovery, implicates the good cause requirement of Fed. R. Civ. P. 16(b)(4), as well as the meet and confer requirements of Loc. Civ. R. 26.1.a and the undersigned's Chambers Rules.

### A. Plaintiff Has Not Demonstrated Diligence in Conducting Discovery or Good Cause to Continue Discovery Deadlines

Fed. R. Civ. P. 16(b)(4) allows a schedule to be modified for good cause and with a judge's consent. Rule 16(b)' s "good cause" standard primarily considers the diligence of the party seeking the amendment. *See, e.g., Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir.1992); *See also Rich v. Schrader* (S.D. Cal. 2013) 2013 WL 3710806 at 2. Thus, in order to demonstrate good cause, a party must demonstrate its diligence in taking discovery, its diligence in propounding or noticing the

---

[1] Although Plaintiff cites the convenience of all parties as the basis for the requested continuance, no defendant has joined Plaintiff in making the request and, in fact, three of the remaining defendants oppose it.

particular outstanding discovery, and explain why the parties could not exchange the particular discovery before the discovery cut off date. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson*, 975 F.2d at 609 . If that party was not diligent, the inquiry should end. *Id.*

Plaintiff explains that Ms. Grande's deposition did not occur until August 12, 2013, and at that time she testified to new information and potential documents and witnesses "that both Plaintiffs (sic) and Defendants have an interest in exploring further." *Id.* p. 7. Furthermore, Plaintiff adds that because counsel was "awaiting the outcome of Ms. Grande's deposition, Plaintiffs (sic) have yet to depose the various persons most knowledgeable for each defendant." *Id.* pp. 6 & 7.  Notices of those depositions were served on August 20, 2013. *Decl. of E. Page Allison* ("*Allison Decl.*"), Ex. B [Doc. No. 162-1]. Plaintiff's ex parte application was filed the next day, on August 21, 2013, just nine days before the deadline for completion of fact discovery.

Plaintiff explains the delay in seeking the deposition of defendants' person(s) most knowledgeable was because these depositions "would not be effectual until... Ms. Grande had been deposed[;]" however, the evidence before the Court indicates otherwise. Plaintiff's counsel stipulated prior to her deposition that Ms. Grande would not serve as a product identification witness, demonstrating that Ms. Grande did not have any product identification testimony. *Decl. Of Paul Lannus* (*"Lannus Decl."*), ¶ 20, Ex. F [Doc. No. 170-1]  and *Barba Decl.*, ¶ 7. Mr. Brantley, the key product identification witness, testified as to the identity of the defendants and their products to which he worked around and with during his

4

deposition ten months prior, allowing Plaintiff ample time to propound any necessary discovery on defendants. *Barba Decl.*, ¶ 5. Moreover, even if it had been necessary to delay the taking of defendants' depositions until the completion of Ms. Grande's deposition, Plaintiff's counsel still has not demonstrated it acted with diligence in seeking this discovery. At a minimum, counsel could have served notice of these depositions prior to Ms. Grande's deposition with the depositions scheduled to occur afterwards. Instead, Plaintiff's counsel waited until August 20, 2013, *eight days after the completion of Ms. Grande's deposition* and ten days prior to the deadline to complete fact discovery to serve notice of any defendant's deposition.

      Plaintiff's argument that Ms. Grande offered testimony as to potential new witnesses and documents also does not demonstrate good cause for Plaintiff to reopen discovery. Plaintiff does not identify who the new potential witness(es) is/are or what the potential new document(s) is/are, instead referring the Court to portions of the rough cut transcript of Ms. Grande's deposition. [Doc. No. 162, p. 7.] Plaintiff also offers no explanation as to why this information did not or could not come to light earlier. According to Plaintiff's ex parte application, documents may exist that contain the names of additional witnesses. *Id.* p. 6. Ms. Grande testified, however, that the documents in question were stored in Mr. Brantley's home. *Allison Decl.*, Ex. A, Rough Cut of Tr. of Dep. of Ms. Grande, 44:21-45:5. In fact, she further testified that she believed some of the "new" documents had already been provided to "Mark" – i.e., Marc Willick the attorney with the Napoli Bern Ripka Shkolnik & Associates firm that represented Plaintiff until December 28, 2012. *Id.*, 46: 8-20. If the documents were in Mr. Brantley's possession, or possibly even in his attorney's possession, this information should have been disclosed long

ago – if not in connection with Plaintiff's Initial Disclosures, which were served on July 6, 2012, or Plaintiff's ongoing duty to supplement the Initial Disclosures, then in response to written discovery requests by defendants or, most recently, in connection with the Request for Production of documents that accompanied the notice of Ms. Grande's deposition. *Decl. of Stephen Farkas* (*"Farkas Decl."*), Ex. A., Request No. 29 [Doc. No. 170.1]. Nonetheless, Defendants report these "new" documents still have not been produced, despite repeated requests by counsel. *Farkas Decl.* ¶¶ 6-7; *Lannus Decl.* ¶¶ 8, 11; Furthermore, the sole witness identified in the excerpts of Ms. Grande's deposition to which Plaintiff refers the Court is Larry Durante, who is not a "new" witness as he was first identified by Mr. Brantley on October 24, 2012, during his deposition. *Lannus Decl.*, Ex. G, Tr. of Dep. of Gerald Brantley, Vol. 2, 116: 24-25.

### B. Plaintiff Has Also Not Complied with Civ.L.R. 26.1 or the Undersigned's Chambers Rules

Although the Court denies Plaintiff's ex parte application due to counsel's failure to demonstrate due diligence or good cause, the Court also notes that Plaintiff's counsel completely failed to follow the letter and spirit of the Local Rules and this Court's Chambers Rules in their meet and confer efforts, and instead chose to saddle this very busy Court with a problem entirely of their own making by means of an eleventh hour ex parte application. As indicated earlier, the relief sought by Plaintiff implicates Fed. R. Civ. P. 26 in that it seeks to amend the discovery plan determined by the parties and ratified by this Court. Civ. L.R. 26.1.a states "[t]he court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues." "If counsel have offices in different counties, they are to confer by telephone" prior to filing a discovery motion.

*See also Chambers Rules of the Hon. Jan. M. Adler*. In this case, Plaintiff's counsel failed to satisfy this requirement.

The declaration submitted by Keenan W. Ng ("*Ng Decl.*") outlines what Plaintiff describes as the efforts to meet and confer with the other parties. Ng reports that on the morning of August 20, 2013, between 9 and 9:45 a.m., he placed separate calls to defense counsel to request they each stipulate to the requested continuance and advise them an ex parte application would be filed if an agreement could not be reached. *Ng Decl.* ¶¶ 3-13. It appears he did not speak with counsel for Defendants BorgWarner Morse Tec., Inc., Genuine Parts Company and National Automotive Parts Association, IMO Industries, Inc., J. T. Thorpe and Son, Inc., and Pep Boys Manny Moe and Jack of California prior to the filing of the ex parte application; however, because some of the attorneys he spoke with indicated they would oppose the request, Plaintiff proceeded with filing the ex parte application anyway. Merely making a phone call to inform the parties that Plaintiff would seek additional time to conduct discovery through an ex parte application is inappropriate and does not satisfy the meet and confer requirement of Civ. L.R. 26.1.a. or the undersigned's Chambers Rules. Plaintiff's counsel should have instead, timely and with reasonable notice, convened an "all party" conference during which Plaintiff's proposal could have been fully and openly discussed by all affected.

Furthermore, the undersigned's Chambers Rules require all disputes regarding discovery be brought to the Court's attention through the filing of a Joint Motion for Determination of Discovery Dispute, which is prepared with the participation of all parties and only after meet and confer efforts do not result in a consensus. Plaintiff's counsel instead elected to circumvent that requirement by unilaterally filing the ex parte application.

### III. Conclusion

It was not Ms. Grande's unavailability for deposition until August 12, 2013 that prevented Plaintiff from timely completing fact discovery. Rather, it was Plaintiff's counsel's lack of diligence in locating and producing relevant documents and information and waiting until the final days of fact discovery to notice the depositions of defendants' person(s) most knowledgeable. This is a situation in which Plaintiff's counsel sat on their hands, did little to litigate the case as the months passed by, served discovery only days before the discovery cut off, did nothing to resolve their disputes in a professional, competent manner, and then dumped everything in the Court's lap at the last minute.  Plaintiff's ex parte application is, therefore, DENIED.

Defendant The Pep Boys Manny Moe & Jack of California requests the Court issue an evidence preclusion order pursuant to Rule 37(c)(1), prohibiting Ms. Grande from using at trial any of the documents mentioned in her deposition testimony that have not previously been produced. [Doc. No. 168, p. 4.] The Court declines to recommend an evidence preclusion order, but because these documents indeed should have been produced long ago (see Section II. A., pp. 5-6 above), orders Plaintiff to produce them to Defendants by **September 23, 2013** to the extent they have not already been produced.

**IT IS SO ORDERED.**

DATED:  September 13, 2013

Jan M. Adler
U.S. Magistrate Judge